FARMERS' BANK OF KENTUCKY v. THOMAS M. WHITE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—120.]

**Failure of Sheriff to Return Fi. Fa.**

> The sheriff is required to return the fi. fa. within thirty days after the return day, but it is held to be a reasonable excuse for not doing so that within that time the sheriff left it with the clerk for record, under the belief that the law required the return thereon of "No sale for want of bidders" to be recorded where the delay in its return was caused by the failure of the clerk to record it.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 16, 1880.

OPINION BY JUDGE COFER:

Although the statement in the original response, to the effect that the fi. fa. was left with the clerk of the Campbell Circuit Court before the return day, and was retained by him continuously until September 19, is inconsistent with the statement in the first paragraph of the amended response, yet that inconsistency is not very material.

The only issue in the case was whether the sheriff had a reasonable excuse for his failure to return the fi. fa. within thirty days after the return day, which was the first Monday in June. It is,

therefore, not material where the fi. fa. was between the test and return day, or even after that, provided it has been shown that at any time within the thirty days after the return day it passed out of the sheriff's hands and remained out, under circumstances which afford a reasonable excuse for not returning it, until after the expiration of the thirty days. As against this proceeding the sheriff had thirty days after the return day to return the fi. fa. If he had accidentally lost it on the last of the thirty days that would have been a good defense to this motion, although there had previously been ample time and opportunity to make the return. It is sufficient that a good excuse for failing to make the return exists on any day of the thirty provided it continue to exist to the end of that period. We are, therefore, of the opinion that there was no error in overruling the demurrers or in permitting the amended response to be filed.

That the fi. fa. was left with the clerk of the Campbell Circuit Court a second time, and remained there until in September, is not disputed in the evidence. Nor is it denied that the object in leaving it the second time was to have the return "no sale for want of bidders" recorded. Counsel argue that the Act of 1878 does not require such a return to be recorded, and that, the fi. fa. and levy having been previously recorded, the sheriff should have returned it to the Kenton Circuit Court, and from this deduce the conclusion that the fact that the clerk failed to return it to the sheriff until after the expiration of thirty days from the return day, though called upon for it, furnishes no reasonable excuse for not returning it.

We concur in the premises but not in the conclusion. It is evident that both the sheriff and the clerk in good faith believed the law required the return "no sale for want of bidders" to be recorded in the Campbell Circuit Court clerk's office. There is no reason why the sheriff should leave the fi. fa. with the clerk, or why the latter should receive it, unless they thought the law required it; and that the clerk did not return it when called for, shows that he still regarded it as his duty to record the return.

That statute was new and had not been construed by the courts, and the lawyers and judges might well differ as to its meaning. Under such circumstances we think the record discloses a reasonable excuse for the failure to return the execution within thirty days after the return day. (*Neal & Co. v. Taylor,* 9 Bush 380.) The deputy sheriff testified that he called upon the clerk two or three times for

the execution, but was told the return had not yet been recorded and it was not given to him.

This is not contradicted by anyone. The deputy clerk says that he does not recollect that he called more than once, but that is not a contradiction of the statement by the other that he called several times.

Judgment *affirmed*.

*McKee & Finnell, for appellant.   R. W. Nelson, for appellees.*